UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT L. KING, <br><br>                     Plaintiff, <br><br>       v. <br><br> LT. STACH, et al., <br><br>                     Defendants. | CASE NO. C16-1420-JCC-BAT <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS** |

## INTRODUCTION AND BACKGROUND

*Pro se* plaintiff Robert L. King moves to compel defendants to answer interrogatories under oath pursuant to Fed. R. Civ. P. 33 and to impose sanctions on defendants' former attorney[1] Jeffrey D. Sawyer for an alleged failure to meet and confer. Dkt. 26. Defendants oppose the motion. Dkt. 31. Having considered the papers filed in support of and in opposition to this motion and for the reasons discussed below, the Court **DENIES** plaintiff's motion to compel and for sanctions.

On January 5, 2017, defendants, through counsel Jeffrey Sawyer, served plaintiff with responses to plaintiff's First Set of Interrogatories and Requests for Production of Documents re

---

[1] Mr. Sawyer appeared on behalf of John Doe defendants in this case for the limited purpose of responding to discovery requests relating to the identifies of the John Doe defendants, and withdrew as counsel on February 24, 2017. Dkts. 13, 23.

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL DISCOVERY AND FOR
SANCTIONS - 1

Pre-Answer Discovery.  Dkt. 14; Exhibit 1 to Dkt. 26; Dkt. 31 at 2.  Plaintiff alleges and defendants admit that, although Mr. Sawyer certified defendants' responses complied with Fed. R. Civ. P. 26, the responses were not filed under oath as required by Fed. R. Civ. P. 33(b)(3). Dkt. 26 at 1; Dkt. 31 at 2.  On January 26, 2017, plaintiff sent a letter to Mr. Sawyer, requesting a "telephonic discovery conference ASAP" based upon "dilatory" responses to his discovery requests and Mr. Sawyer's "certification that the unverified answers complied with Fed. R. Civ. P. 26."  Ex. 2 to Dkt. 26; Dkt. 31 at 4.  Mr. Sawyer responded via letter on February 14, 2017, asking for further clarification of plaintiff's allegations "prior to scheduling a telephonic conference."  Ex. 2 to Dkt. 26; Dkt. 31 at 4-5.  Plaintiff did not respond.  The instant motion was filed on March 3, 2017.  Dkt. 26.

## DISCUSSION

**A.     Good faith effort to meet and confer**

Local Rule 37(a)(1) and Federal Rule of Civil Procedure 37(a)(1) provide that before bringing a motion to compel discovery, the movant must make a good faith effort to meet and confer with the allegedly offending party in an effort to resolve any dispute.  *See* Local Rules W.D. Wash. LCR 37(a)(1); Fed. R. Civ. P. 37(a)(1).  These rules are intended to ensure that parties have an inexpensive and expeditious opportunity to resolve discovery disputes and that only genuine disagreements are brought before the Court.  Defendants contend that plaintiff's "single request to confer and refusal to further communicate with Mr. Sawyer does not amount to a 'good faith effort'" to resolve the matter without court action.  Dkt. 31 at 5.  In this case, the Court agrees.  LCR 37(a)(1) provides that a "good faith effort" to confer with a party requires a face-to-face meeting or a telephone conference.  While these requirements may be impractical for incarcerated litigations, plaintiff could have done more than he did to resolve the issue before

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL DISCOVERY AND FOR
SANCTIONS - 2

seeking a Court order.[2]  Simply ignoring a response from defense counsel seeking clarity on the issues upon which plaintiff wished to confer is not an indication of an effort made in "good faith."  This is particularly true where, as here, counsel for defendants were not clearly dismissive of plaintiff's request, but rather engaged in the conversation.  Ex. 3 to Dkt. 26.  The Court therefore fails to see any exigent circumstances that might have given it reason to conclude plaintiff satisfied the federal and local civil rules by making a good faith *attempt* to confer.

**B.     Plaintiff fails to show harm**

The record suggests defendants were likely not aware of plaintiff's specific objections until plaintiff filed the instant motion.  On March 10, 2017, after plaintiff filed his discovery motion, defendants served on plaintiff a copy of the verification page for the responses to the discovery requests at issue.  Ex. A to Dkt. 33.  Accordingly, the defect underlying plaintiff's motion has already been cured.  Plaintiff's motion to compel is therefore moot.

In addition, plaintiff's motion fails to demonstrate the admitted error was intentional, or even that the events leading to the filing of his motion deprived him of justice or caused him substantial prejudice.  Indeed, plaintiff's objections regarding defendants' discovery responses concern a procedural, rather than substantive error, and have little to no bearing on the underlying facts and issues of this case.  In short, plaintiff fails to show that defendants' error

---

[2] The Court also observes plaintiff failed to include a certification that he has *in good faith* conferred or attempted to confer with defense counsel, as required by Fed. R. Civ. P. 37(a)(1). Despite plaintiff's *pro se* status, he is required, like other civil litigants, to comply with both the federal and local court rules of civil procedure, notwithstanding the Court's obligation to make reasonable allowances for *pro se* litigants.  *See McCabe v. Arave*, 827 F.2d 634, 640 n. 6 (9th Cir.1997).  Going forward, plaintiff is cautioned that the Court will not entertain discovery motions that fail to include a certification that a good faith attempt to confer was first made. Plaintiff is further cautioned that "[i]f the court finds that counsel for any party, or a party proceeding pro se, willfully refuses to confer, fails to confer in good faith, or fails to respond on a timely basis to a request to confer, the court may" sanction that party.  LCR 37(a)(1).

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL DISCOVERY AND FOR
SANCTIONS - 3

caused him any harm or prejudice.  Sanctions against defendants or their counsel for the error is therefore unwarranted.

Plaintiff's motion, Dkt. 26, is therefore **DENIED**.

The Clerk is directed to send a copy of this Order to plaintiff and to the Honorable John C. Coughenour.

DATED this 5th day of April, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL DISCOVERY AND FOR
SANCTIONS - 4